Marshall, C. J.
.This is an error proceeding from the court of appeals of Wood county, the controversy having originated in a proceeding before the state medical board upon the application of Rutledge for a certificate to practice medicine under the *545 limited practice act. Rutledge did not claim to have five years experience, and therefore submitted himself to an examination; but no certificate' was allowed. Thereupon he attempted to appeal to the court of common pleas. In the court of common pleas he filed a petition, and it appeal's that no other papers were ever filed by him in the court of common pleas in that proceeding.
This controversy involves the construction and application of Section 1276, General Code, which provides for an appeal in certain cases from the action of the state medical board to the court of common pleas. An examination of that section, and other related sections, discloses that although the right to an appeal is granted, the procedure and the formalities attending the perfection of such an appeal are not provided. Rutledge, being in the dark as to the proper procedure to follow under the circumstances, filed a petition in which he states with some prolixity and at great length his entire complaint against the state medical board. He alleges his application for a certificate, that an examination was held, and that he passed the examination, and was therefore entitled to a certificate. He further alleges his eligibility and the payment of the usual fee for such examination, that the examination took place in November, 1915, and that nothing further was heard of it until January, 1916, at which time he was notified by the secretary of the state medical board that his application had been postponed pending inquiry. Thereafter other communications passed, but Rutledge alleges that no information was given him as reason for refusing his certificate.
*546 Section 127'6, General Code, provides: “An appeal may be taken from tbe action of tbe state medical board refusing to grant or suspending or revoking a certificate or license for tbe causes named in the preceding section to tbe common pleas court of Franklin county or to the common pleas court of the county in which the person who has been refused a license or whose license has been suspended or revoked resides. The judgment of the common pleas court may be reviewed upon proceedings in error in the court of appeals.”
It will be seen that “the preceding section” is referred to and we therefore quote that portion of Section 1275 which seems applicable: “The state medical board may refuse to grant a certificate to a person guilty of fraud in passing the examination, or at any time guilty of felony or gross immorality, grossly unprofessional or dishonest conduct, or addicted to the liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery.”
The term “grossly unprofessional or dishonest conduct” is then defined in that section in great detail.
In his petition in the court of common pleas Rutledge has sought to negative his guilt of any of the causes for refusal of a certificate which are made grounds of appeal. In this the petition shows that he has carefully followed Section 1275, General Oode. He further avers that the board was without reason, right or authority for refusing his certificate, and that its action was an abuse of discretion and misconduct on the part of the board. The *547 petition contains the following matter which directly relates to an appeal:
'.'That plaintiff resides in Pemberville, Wood county, Ohio, and under the provisions of Section 1276 of the General Code of the state of Ohio- hereby elects to and hereby does take said appeal from the action of said board dated October 4, 1916, to the court of common pleas of Wood county, Ohio, wherein plaintiff resides; that the original papers, records, pleadings and proceedings in connection with the application of plaintiff and the refusal to grant his certificate so to practice as well as the record of all other matters in connection, therewith are now with said defendant board for which reason plaintiff is unable to attach the same to this petition, but now asks that all of said papers, records and proceedings duly certified under seal of said defendant board may be transmitted immediately to the clerk of courts of Wood county, Ohio, at Bowling Green, Ohio, for consideration in the trial and hearing of this case.”
It is quite evident from that allegation arid from the things stated in his petition that he desired to appeal from the order of the medical board to the court of common pleas, as he had a perfect right to do. It only remains to be determined whether his action was all that should be required of him in perfecting his appeal. Inasmuch as the statute makes no provision for the formalities, and inasmuch as it is quite clear that it was intended to grant the right of appeal, the court should not resort to technicalities, or place difficulties or stumbling blocks in the way of a person desiring to appeal any such case, but it should be held, on the contrary, that any no *548 tice to the medical board of his desire to appeal, or call upon that board for a certification of the papers and records to the court of common pleas, indicating his purpose to appeal from the action of the medical board and his desire to have his case heard upon appeal in the court of common pleas, should be sufficient to invoke the action of that court. It is urged, however, that no pleadings are required, or are even permissible, and in this view of the matter we concur. It must be agreed that practically all of the petition filed in the Wood county common pleas court, except that part above quoted, was immaterial, and should therefore have been treated as surplusage. The applicant, being entitled to have a hearing, the medical board should, have certified the papers to the court of common pleas, and the court should have proceeded to hear the case upon appeal. This the court has not done, and there has been no determination of plaintiff’s right to a certificate by the court of common pleas.
It is urged, however, that inasmuch as counsel for Butledge saw fit to set out at length his entire petition in the court of common pleas, the medical board might demur to that petition and thereby raise the question whether or not it states a cause of action, and also raise the question of the court’s jurisdiction of the subject-matter. The demurrer filed did allege these two grounds, and the court passed upon the demurrer and sustained the same, and plaintiff not desiring to further plead the petition was dismissed and an exception noted. The entry in the court of common pleas does not definitely state the grounds for sustaining the demurrer, but if that court determined the matter upon the theory that a *549 petition was not the proper procedure, and that therefore an appeal had not been perfected,- the judgment of that court was, for the reason already-stated, erroneous. If, on the other hand, the court of common pleas had in mind to determine whether the facts stated in the petition were such as to entitle Eutledge to a certificate, the court did not reach a proper conclusion upon that question. The petition alleges that the applicant passed the examination and that he was not guilty of any of the things which would constitute a bar to his admission to practice, as set out in Section 1275, General Code. The demurrer necessarily admits the truth of these allegations, and the demurrer therefore should have been overruled in any event. Whichever horn of this dilemma the medical board may desire to take, it appears that justice has not been done to this applicant. It is not the province of this court to lay down the rules or formalities governing an appeal in such cases, but it is proper for this court to state that upon such -appeal the applicant was entitled to have a hearing, and the matter to be heard was the question of his right to a certificate. The length of the petition filed by the applicant was a misconception for which he was not altogether to blame, inasmuch as no procedure had been laid down by the statute. We have, therefore, reached the conclusion that the applicant was entitled to an appeal, and to have the matter heard by the court of common pleas upon appeal, and that the hearing should involve the .merits of his claim and not necessarily the truthfulness of the allegations of his petition.
The judgment of the court of appeals having followed and approved the action of the court of com *550 mon pleas, the judgment of both, courts will be reversed and the cause remanded to the court of common pleas for hearing upon appeal.

Judgment reversed.

Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Clark, J., took no part in the consideration or decision of the case.